IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00135-M

| | | |
|---|---|---|
| KEVIN COPPAGE, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF RALEIGH, | ) | |
|                 Defendant. | ) | |

This matter is before the court on Plaintiff Kevin Coppage's ("Plaintiff") Motion for Leave to File an Amended Complaint [DE-20] and Defendant City of Raleigh's ("Defendant") Motion to Dismiss [DE-11].

I.      Factual & Procedural Background

On March 30, 2020, Plaintiff, a long-time member of the City of Raleigh Fire Department, filed a complaint alleging that he has been repeatedly overlooked for advancement and subjected to a hostile work environment because of his race, in violation of Title VII of the Civil Rights Act of 1964 [DE-1]. On June 18, 2020, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [DE-11]; on July 30, 2020, Plaintiff responded in opposition [DE-18]; and on August 13, 2020, Defendant filed a reply [DE-19]. On August 20, 2020, Plaintiff filed a motion seeking leave to amend his complaint [DE-20]. On September 3, 2020, Defendant responded in opposition, arguing that the motion should be denied on futility grounds [DE-22]. Plaintiff did not file a reply. The proposed amended complaint [DE-20-1] primarily adds factual detail relating to Plaintiff's claims.

1

II.  Plaintiff's Motion for Leave to File an Amended Complaint [DE-20]

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. *See* Fed. R. Civ. P. 15. This rule allows amendment once as a matter of course within twenty-one days after serving the pleading, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires." *Id.; see also Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (noting the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)") (citation omitted). A district court has "broad discretion concerning motions to amend pleadings." *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009). Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant leave to amend. *See id.; see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006); *see also Matemu v. Brienzi*, No. 5:19-CV-00380-M, 2020 WL 5414563, at *2 (E.D.N.C. Sept. 9, 2020).

Here, Defendant opposes Plaintiff's motion by arguing the proposed amended complaint fails to cure the deficiencies in Plaintiff's original complaint and is therefore futile. DE-22 at 4. "A proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't. of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotations and citations omitted).

2

Defendant argues that Plaintiff's additional factual allegations "do not cure the defects of Plaintiff's claims previously outlined by the City." DE-22 at 2 & n.2 (incorporating by reference Defendant's pending motion to dismiss [DE-11] and associated memorandum [DE-12] and reply [DE-19] in support). However, Plaintiff's proposed amendment complaint addresses many of the factual deficiencies Defendant identified in its motion to dismiss. *Compare* DE-12 at 17 ("Plaintiff pleads no facts indicating who made the promotional decision and whether the person or persons involved had previously promoted Plaintiff.") *with* DE-20-1 ¶¶ 75-76 ("Defendant's decision to hire Mr. Wilson to fill the role of Division Chief of Service was made by Interim Chief Brad Harvey. . . . Mr. Wilson did not seek the position . . . but rather was recruited by Interim Chief Brad Harvey to prevent Plaintiff from securing the role."); *compare* DE-12 at 19 ("The complaint offers no factual content about the required qualifications for either position, whether Plaintiff met those qualifications, or the qualifications of the person selected.") *with* DE-20-1 ¶¶ 71-72 (listing "required qualifications to serve as Division Chief" and noting that "Plaintiff met or exceeded all of the required qualifications"); *compare* DE-12 at 19 ("In addition, Plaintiff alleges only that he was *charged* with a DWI" whereas "[t]he cited policy provision applies to an employee who is charged ***and convicted*** with an impaired driving offense." (internal quotations and citations omitted) (emphasis in original)) *with* DE-20-1 ¶ 55 ("Plaintiff was initially ***convicted*** of the charged on or about July 10, 2019." (emphasis added)).

Defendant argues that, even with the proposed changes, Plaintiff's amended complaint still falls short. Although the court expresses no opinion on the ultimate merits of any renewed motion to dismiss, see *Orr v. U.S. EPA*, No. 1:19 CV 226, 2020 WL 223920, at *2 (W.D.N.C. Jan. 14, 2020), "Plaintiff's proposed amended allegations . . . are not clearly insufficient or frivolous on [their] face, nor is it facially obvious that the proposed [ ] amended complaint could not survive a

3

motion to dismiss," *All Seasons Restoration, Inc. v. Forde*, No. 7:19-CV-00247-BR, 2020 WL 2115437, at *2 (E.D.N.C. May 4, 2020) (internal quotations and citations omitted), and amendment should be permitted.

Finally, Defendant argues that Plaintiff cannot use a motion to amend to circumvent a motion to dismiss, but the cases Defendant cites involve multiple amendments, delay, and prejudice to the defendants. DE-22 at 10; *Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) ("Plaintiff's motion to amend is the second of its kind brought while a motion to dismiss was pending," noting "delay," and noting "prejudice[]" to "newly-named defendants"). Here, to the contrary, this is Plaintiff's first attempt to amend his complaint, and the court sees no delay or prejudice to Defendant by granting Plaintiff's motion. *See All Seasons Restoration*, 2020 WL 2115437, at *2 ("In light of the liberal standard of Rule 15(a) and the absence of prejudice or bad faith, plaintiff shall be allowed to amend its complaint." (citations and footnote omitted)); *cf. O'Nan v. Nationwide Ins. Co.*, No. 1:17cv5, 2017 WL 1377727, at *1 (W.D.N.C. Apr. 13, 2017) ("The fact that allowing the amendment at such an early stage of the proceeding would moot the pending Motions to Dismiss and require Defendants to invest the time and resources to filing new motions to address any new factual allegations is not the type of prejudice recognized by the Fourth Circuit to warrant denying a plaintiff . . . an opportunity to add additional factual allegations to her Amended Complaint.").

III. Defendant's Motion to Dismiss [DE-11]

Defendant filed a Motion to Dismiss [DE-11], which is now moot. "Where an amended complaint has been filed with leave of court, motions to dismiss earlier complaints are denied as moot. Plaintiff's original complaint in now 'of no legal effect.'" *Parsons v. N.C. Dep't of Revenue*, No. 5:18-CV-452-FL, 2019 WL 2181913, at *2 (E.D.N.C. May 20, 2019) (citing *Young v. City of*

4

*Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)); *see also* Charles Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2020) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .") (footnotes omitted). Accordingly, the pending Motion to Dismiss [DE-11] is DENIED as moot.

IV. Conclusion

For the reasons discussed above the court in its discretion GRANTS Plaintiff's Motion for Leave to File an Amended Complaint [DE-20]. The Clerk is DIRECTED to docket Plaintiff's Amended Complaint and its associated exhibits, currently an attachment to Plaintiff's Motion [DE-20-1]. Defendant will have fourteen (14) days to answer or otherwise respond to the Amended Complaint. Fed. R. Civ. P. 15(a)(3). Defendant's Motion to Dismiss [DE-11] is DENIED as moot.

SO ORDERED this the 7th day of October, 2020.

*[signature: Richard E Myers II]*
RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE